IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J.,[1] ) | |
| ) | |
|     Plaintiff, ) | |
| ) | No. 20 C 1817 |
|   v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security,[2] ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Michael J.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 22] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On July 22, 2014, Plaintiff filed a claim for DIB, alleging disability since May 13, 2014. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 2, 2017. On April 26, 2017, the ALJ denied Plaintiff's claim for DIB, finding him not disabled under the Social Security Act (the "Act"). Plaintiff then appealed to this Court. Finding error, this Court remanded the case on April 8, 2019.

After remand, another hearing before the same ALJ was held on October 24, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Two medical experts ("MEs") and a vocational expert ("VE") also testified. On January 13, 2020, the ALJ denied Plaintiff's claim for DIB, finding him not disabled under the Act. The Appeals Council then denied Plaintiff's request for review, leaving the ALJ's January 13, 2020 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 13, 2014. At step

two, the ALJ concluded that Plaintiff had the following severe impairments: diabetes mellitus with peripheral neuropathy; obesity; depression; anxiety; bereavement; alcohol abuse; and degenerative disc disease of the lumbar spine. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a Listing.

Before step four, the ALJ determined that for the period of May 13, 2014 through November 30, 2018 Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of sedentary work with the following limitations: can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, balance, stoop, crouch, kneel, and crawl; cannot work at unprotected heights or around hazardous machinery; cannot perform commercial driving; should avoid concentrated exposure to vibration and is limited to work on a flat, even surface; limited to simple, routine work; cannot perform work with the general public as part of routine job duties and can have only occasional interaction with co-workers and supervisors; cannot perform fast-paced production such as an assembly line or work where the machine sets the pace, but can perform work of a variable rate; limited to only occasional decision making; should have no strict production or hourly requirements, but can perform work with end of the day goals; cannot perform tandem tasks. For the period of December 1, 2018 to the present, the ALJ found that Plaintiff retained the RFC to perform less than the full range of light work with the same limitations listed above.

3

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a carpenter. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that from the alleged onset date of May 13, 2014 through November 30, 2018, Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act. The ALJ came to the same conclusion for the time period of December 1, 2018 to the present.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386,

389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in

5

evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the

Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's evaluation of Plaintiff's subjective symptoms was inadequate; and (2) the ALJ improperly weighed the opinion of Plaintiff's treating psychiatrist. Each argument will be addressed below in turn.

#### A. Plaintiff's Subjective Symptoms

Pertinent to Plaintiff's first argument, as to Plaintiff's physical limitations, the ALJ noted Plaintiff's testimony that he had to "take breaks from being on his feet about every 15 minutes," that "sitting aggravates his feet due to sciatic nerve pain," and that "he trips and falls every few days because he cannot feel his feet." (R. 1104-05.) As to plaintiff's mental limitations, the ALJ noted Plaintiff's allegations that "his mind drifts and he worries," that he is "distracted by pain," and that "he gets panic attacks where he gets sick to his stomach and starts to sweat a lot." (*Id.* at 1105). However, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*).

Pertinent to the ALJ's conclusion as to Plaintiff's reported physical symptoms, the ALJ noted medical evidence indicating that Plaintiff's "right foot drop was not an ongoing problem" and he had "normal strength and gait." (*Id.* at 1109.) The ALJ determined that Plaintiff's "balance and tripping and falling problems are not consistent" and noted that Plaintiff "recently reported in August 2019 that he had no complications with ambulation." (*Id.*) Relevant to Plaintiff's reported mental symptoms, the ALJ noted Plaintiff's reports that "he had normal relationships with friends and family, that his self-care skills were intact, and that his domestic skills were intact and unimpaired." (*Id.* at 1107) The ALJ further noted that Plaintiff can "prepare his own meals and do house and yard work" and "can also handle funds and does not need reminders to tend to personal care." (*Id.* at 1101.)

With respect to the ALJ's determination concerning Plaintiff's subjective symptoms, the Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). With that standard in mind, the Court finds that, per the ALJ's rationales outlined immediately above, the ALJ reasonably determined that the objective medical evidence and Plaintiff's daily activities did not corroborate his subjective symptoms. *See Atkins v. Saul*, 814 F. App'x 150, 155 (7th Cir. 2020) ("Here, the ALJ otherwise explained his conclusion adequately. He explained that the objective medical evidence and Atkins's daily activities did not corroborate his subjective symptoms.") (citations and internal

8

quotations omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms."). Contrary to Plaintiff's assertions, the ALJ did not err by considering Plaintiff's daily activities. *See Green v. Saul*, 781 F. App'x 522, 526 (7th Cir. 2019) ("ALJs are tasked with reviewing the evidence provided and assessing whether a claimant is exaggerating the effects of her impairments, and reviewing daily-living activities is an important part of that evaluation.") (citations omitted); *Jeske v. Saul*, 955 F.3d 583, 593 (7th Cir. 2020) (ALJ properly "considered [the claimant's] activities to determine whether her symptoms were as severe and limiting as she alleged"). Ultimately, Plaintiff has not shown that the ALJ's evaluation of his symptoms and allegations was "patently wrong," as was his burden. *See Horr v. Berryhill*, 743 F. App'x 16, 19–20 (7th Cir. 2018).

## B. <u>Treating Physician Rule</u>

Under the "treating physician rule,"[3] an ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must

---

[3] The Social Security Administration has modified the treating-physician rule to eliminate the "controlling weight" instruction. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ..., including those from your medical sources."). However, the new regulations apply only to disability applications filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1527 ("For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply."). Plaintiff's application in this case was filed in 2014, and, therefore, the ALJ was required to apply the former treating physician rule.

9

also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *see also Adrian Z. v. Berryhill*, No. 17-cv-4585, 2019 U.S. Dist. LEXIS 129383, at *4 (N.D. Ill. Aug. 2, 2019) ("When an ALJ declines to give controlling weight to a treating physician's opinion, he must provide a sound explanation for the rejection.") (citation omitted). Even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308.

In this case, the ALJ reasoned as follows with respect to the opinion of Plaintiff's treating psychiatrist:

> The record includes a medical source statement completed by the claimant's psychiatrist, Sapana Chokshi, MD, dated in October 2015. In the form, Dr. Chokshi indicated that the claimant would have either a fair ("can perform the activity satisfactorily some of the time") or poor ("no useful ability to function") ability to perform work-related mental abilities. Dr. Chokshi assessed that the claimant was responding to treatment, but explained that medication adjustments and issues with focus, attention, distraction, and motivation were ongoing and that the claimant needed reassurance and was seeing a therapist regularly for support. The [ALJ] gives Dr. Chokshi's opinion some weight as it was based upon her relationship as the claimant's psychiatrist throughout the record, including for the majority of the treatment year per the claimant's testimony at the recent hearing. Nonetheless, Dr. Chokshi's assessment of such significant limitations is inconsistent with the evidence of record, including the opinions of the two mental health medical experts [Dr. Cemerius and Dr. Heinemann] who reviewed the additional evidence in the record. . . . The [ALJ] points out that Dr. Chokshi's notes from shortly before her opinion was rendered indicated that the claimant's thinking was logical, his fund of knowledge was intact, his behavior was cooperative and attentive with no gross behavioral abnormalities, although she noted that he was glum and his thought content was depressed. Also, the undersigned does not find support for marked level findings in Dr. Chokshi's other treatment notes from around the time her opinion was rendered and thereafter. . . .

10

> Moreover, Dr. Chokshi's assessment is inconsistent with the opinion of the claimant's treating nuerologist from around the same time that found that the claimant had no significant cognitive or mental limitations of which she was aware and that the claimant was able to work full-time. . . . Finally, the [ALJ] finds that Dr. Chokshi's assessment of the claimant having such poor mental abilities (i.e. having no useful ability to function) is inconsistent with the evidence that shows that the claimant is able to drive, to tend to personal care, to handle funds, and to live alone.

(R. 1111-12 (citations omitted).)

Per this quoted passage, the ALJ discounted Dr. Chokshi's opinion on five grounds. Specifically, the ALJ determined that Dr. Chokshi's opinion was: (1) inconsistent with the evidence of record; (2) inconsistent with the opinions of two MEs; (3) inconsistent with Dr. Chokshi's own treatment notes; (4) inconsistent with the opinion of Plaintiff's treating neurologist; and (5) inconsistent with Plaintiff's activities of daily living. The Court concludes that the ALJ gave sufficiently good reasons for discounting Dr. Chokshi's opinion and finds that substantial evidence supports the ALJ's decision not to give the opinion controlling weight. *See Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) ("An ALJ may discount a treating physician's medical opinion if it is inconsistent with the opinion of a consulting physician, . . . or when the treating physician's opinion is internally inconsistent, . . . as long as he 'minimally articulate[s] his reasons for crediting or rejecting evidence of disability.'") (citations omitted); *John E. v. Kijakazi*, No. 19 CV 1883, 2021 U.S. Dist. LEXIS 171096, at *38 (N.D. Ill. Sep. 9, 2021) ("[T]he ALJ also clearly considered Claimant's activities of daily living in the context of [treating physician] Dr. Jain's opinion . . . and ultimately concluded that they did not align with the comparatively severe limitations Dr. Jain propounded.").

11

Contrary to Plaintiff's contention, the ALJ plainly did not rely solely on the opinions of the MEs in reaching her determination. *Cf. Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) ("A contradictory opinion of a non-examining physician does not, by itself, suffice as a justification for discounting the opinion of the treating physician."). Furthermore, contrary to Plaintiff's suggestion, the ALJ was not required to agree with all of Dr. Chokshi's functional opinions. *See Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) ("[A]n ALJ must consider the entire record, but the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians."); *Patricia T. v. Saul*, No. 19 CV 614, 2020 U.S. Dist. LEXIS 92999, at *24-25 (N.D. Ill. May 28, 2020) ("A treating physician's opinion is entitled to controlling weight only where it is well-supported and uncontradicted by other substantial evidence in the record.") (citations omitted).

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well-taken. Accordingly, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 22] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is granted.

**SO ORDERED.**  **ENTERED:**

**DATE:** __November 18, 2021__   _____

                                                       **HON. MARIA VALDEZ**
                                                       **United States Magistrate Judge**